## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:                                             CHAPTER 7

**IMPERIAL FROZEN FOODS OP CO, LLC,**              **CASE NO. 19-05419-5-SWH**

       **Debtor.**

**EMERGENCY *EX PARTE* MOTION FOR APPROVAL OF CONSENSUAL
AGREEMENT REGARDING (1) SECURED CREDITOR'S FUNDING OF CERTAIN
AGREED TRUSTEE'S COSTS IN ADMINISTERING THE CHAPTER 7 ESTATE,  (2)
COLLECTION OF ACCOUNTS RECEIVABLE, (3) PURSUIT OF PACA TRUST
CLAIMS PROCEDURE, AND (4) CARVE-OUT FOR UNSECURED CREDITORS**

NOW COMES Gregory B. Crampton, Chapter 7 Trustee herein, ("Trustee") and moves the Court for the entry of an Order authorizing and approving, pursuant to 11 U.S.C. Sections 105 and 704, a consensual agreement regarding (i) secured creditor's funding of certain agreed Trustee's costs in administering the Chapter 7 Estate, (ii) collection of accounts receivable, (iii) pursuit of PACA Trust Claims Procedure, and (iv) Carve-out for benefit of unsecured creditors. In support of this Motion, the Trustee respectfully shows the Court as follows:

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the Bankruptcy Court for the Eastern District of North Carolina has jurisdiction over this matter pursuant to 28 U.S.C. § § 151, 157, and 1334.

2.      Imperial Frozen Foods Op Co, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 on November 22, 2019 ("Petition Date").  As of the date of this Motion, Debtor has not yet filed its Schedules or Statement of Affairs.

3.      Gregory B. Crampton was appointed Chapter 7 Trustee of the estate of Debtor on November 26, 2019 and is qualified and now acting as such Trustee.

4.      On information and belief, ACF FinCo I LP ("Ares") has a perfected security interest in all or substantially all assets of the Debtor, whether tangible or intangible, wherever located, and all products and proceeds of the foregoing, pursuant to a Loan and Security Agreement dated October 1, 2018, which security interest was perfected by a UCC Financing Statement filed on September 20, 2018 in the Delaware Secretary of State's Office, File No. 20186510040. (Debtor is a Delaware limited liability company.)  On information and belief, the outstanding debt balance owed to Ares as of November 19, 2019, approximated $8.9 million.

5.      On information and belief, Tree Line Direct Lending LP ("Tree Line") has a perfected security interest in all assets or substantially all of the Debtor, pursuant to a Credit Agreement dated as of October 1, 2018, which security interest was perfected by a UCC Financing Statement filed on October 2, 2018 in the Delaware Secretary of State's Office, File

No. 20186810796.  On information and belief, the outstanding debt balance owed to Tree Line as of November 22, 2019, approximated $30,531,313.91.

6.      On information and belief, Ares and Tree Line entered into an Intercreditor Agreement dated as of October 1, 2018 ("Intercreditor Agreement") setting forth their agreement as to certain of their respective rights and obligations with respect to the assets and properties of the Debtor and other obligors, including but not limited to the relative priority of their respective liens against such assets and properties.

7.      On information and belief, primary categories of collateral pledged to Ares under the Loan and Security Agreement as to which Ares holds the senior priority under the initial terms of the Intercreditor Agreement (the "ABL Priority Collateral") are as follows:

- Accounts.
- Inventory.
- As to any accounts or inventory, all chattel paper, instruments, documents, LC rights, payment intangibles, books and records and accounting systems.
- Cash and cash equivalents (other than identifiable proceeds of Term Loan Priority Collateral).
- Deposit accounts and securities accounts (other than amounts therein which are identifiable proceeds of Term Loan Priority Collateral).
- 50% of business interruption insurance proceeds.
- Proceeds (including insurance proceeds) of the foregoing.

The collateral pledge to Ares in the Loan and Security Agreement also includes:

- Equipment.
- Commercial Tort Claims.
- Deposit Accounts.
- Documents.
- General Intangibles.
- Goods.
- Instruments.
- Investment Property.
- Records.
- Software.

Per the initial terms of the Intercreditor Agreement, Tree Line's senior priority collateral (the "Term Loan Priority Collateral") would be:

(a) Equipment.
(b) Real property.
(c) Intellectual Property.
(d) Capital stock and other Investment Property.
(e) Chattel Paper, Instruments, Documents LC rights.

2

(f) Cash proceeds of the above.

(g) Deposit Accounts to the extent they contain proceeds of the above.

In a fourth amendment to the Intercreditor Agreement, Tree Line and Ares agreed that up to $2.5 million of the first proceeds of the Term Loan Priority Collateral would go to Ares for application against the Ares debt.  Consequently, on information and belief, Ares also essentially holds the senior position on the machinery and equipment and other Term Loan Priority Collateral for up to that $2.5 million.

8.    On information and belief, Debtor has significant creditors who are eligible for PACA Trust protection pursuant to the Perishable Agricultural Commodities Act, and significant asserted PACA claims by creditors who are not eligible for such PACA Trust protection.  On information and belief, valid PACA Trust claims likely approximate $1.9 million, and total asserted PACA trust claims (which could include other valid PACA Trust Claims in excess of $1.9 million) could approximate as much as $6.0 million.  The Trustee intends to request the Court, with the consent of Ares and Tree Line, to enter a Consent Order Establishing Exclusive Procedures for the Assertion, Resolution, and Satisfaction of Claims Arising Under the Perishable Agricultural Commodities Act (the "PACA Claims Procedure Order") setting a "PACA Claims Bar Date", and setting a "Deadline to Objection to PACA Proof of Claims".

9.    All of the assets of the Debtor, are significantly overencumbered by the outstanding balances owed to Ares and Tree Line, holders of perfected security interests in the Food Product.  On information and belief, no other creditor holds a consensual, perfected security interest in account receivables. Consequently, the total value and realizable value of the of Debtor's accounts receivables are subject to: (i) potential PACA Trust claims, (ii) the senior perfected security interest of Ares, and (iii) the junior perfected security interest of Tree Line. Ares and Tree Line have agreed, and consented to, the Trustee holding in escrow in his Trustee bank account set up in this case, all Trustee collections of accounts receivable pending Court determination of valid PACA Trust claims (or entry of any other order allowing disbursement of any part of such escrowed funds based upon reservation in escrow of sufficient funds to cover potential PACA Trust claims).

10.    But for a consensual agreement by Ares and Tree Line, and the specific agreement of Ares to fund certain costs of administration of the Chapter 7 estate, which funding includes enabling the PACA Claim Procedure that the Trustee intends to ask the Court to establish, the Chapter 7 case would be treated by the Trustee as a no asset case.

11.    Ares has agreed to fund, in order to protect, preserve, and liquidate its collateral, certain expenses of administering the Chapter 7 estate. This Motion is subject to, and conditioned upon Ares' immediate compliance, if not already accomplished, with the wiring of agreed, specified funding to the Trustee bank account established in this case in the amount $353,375.20 the ("Ares Wire Amount").  Such funds are designated, with the consent of Ares, for the following purposes: (a) stipulated $150,000 ("Trustee Dedicated Funds") solely for the benefit of Attorney for Trustee fees (based on said attorney's normal and customary hourly rate allowed in Chapter 11 cases) and expenses, and applicable Chapter 7 Trustee commission, as,

3

when, and to the extent approved by subsequent Bankruptcy Court orders; (b) engagement of three former employees as independent contractor consultants to the Chapter 7 Trustee to assist in certain areas of the chapter 7 administration, including (i) review, vetting, and objections as appropriate to asserted PACA Trust claims in accordance with a PACA Claims Procedure Order to be sought by the Trustee, (ii) collection of accounts receivables, and (iii) termination of Debtor's 401(k) Plan; (c) Property and Inventory insurance premiums due December 1, 2019 for the quarter extending from December 1, 2019 through February, 2020; (d) two months rent for Debtor's Wake Forest corporate office location; (e) two weeks Hilco security cost for both the Savannah and San Antonio storage locations; (f) close out costs for preparation of W-2s and 1095s; (g) two months cost for certain projected copier, software, internet costs necessary to allow the independent consultants to assist the Trustee for the purposes set out in (b) above; and (h) an agreed $10,000.00 amount for Special Counsel to assist in termination of Debtor's 401(k) Plan. The amount designated for the independent contractor consultants contains a respective "kicker" amount if such individual consultant provides services for the duration of the service period (respectively, two weeks, five weeks, and three months). Such "kicker" amounts have been consented to by Ares.

12.    In addition to the costs included in the Ares Wire Amount, Ares has agreed to pay for certain additional costs of preserving and disposing of its collateral, on a periodic basis-monthly in advance, including Wake Forest office rent for February, 2020 and projected copier, software, internet costs through February, 2020 necessary to allow the independent consultants to assist the Trustee for the purposes set out in Paragraph 11(b) above.

13.    Both Ares and Tree Line have agreed and consented to, in the following order of priority, (i) a Carve-out in an amount sufficient to allow full payment of allowed Chapter 7 Trustee commission to the extent that the Trustee Dedicated Funds are not sufficient, after payment of allowed Attorney for Trustee Fees, to pay in full allowed Trustee Commission, and (ii) a $50,000 Carve-out for the benefit of unsecured claims (collectively, the "Agreed Carve Outs").

14.    Ares has also agreed, on a periodic basis (monthly in advance) to pay for (i) applicable security services to protect its collateral, (ii) applicable costs related to storage locations at which its Food Product collateral is located, and (ii) allowed payment of up to a point and one-half commission (or such higher percentage as needed, and as agreed to by Ares) to secure the services of former key sale representatives to help facilitate and effectuate accelerated sales of inventory.

15.    The funding provided by Ares under the terms of this Motion would be in full satisfaction of all potential claims or recoveries the Trustee may have against Ares or Ares' collateral under 11 U.S.C. §506(c) as to the Trustee's professional fees and the items and categories of expenditures as described in this Motion. Notwithstanding the foregoing, however, with respect to any other necessary expenses of preserving or disposing of Ares collateral which have not been addressed in this Motion, to the extent that Ares and the Trustee do not reach any separate agreement for Ares to pay such other expenses by consent, the Trustee reserves the right to apply to the Court for recovery thereof under 11 U.S.C. §506(c). Also, notwithstanding the

foregoing, additional funding may be provided by Ares under the terms of this Motion for additional necessary expenses of processing or disposing of Ares collateral, whether the expense category has been addressed by this Motion, or not, **if** Ares agrees to pay such additional expenses(s).

16.    All amounts paid by Ares pursuant to this Motion and the order granting this Motion would be recognized as costs of preserving and disposing of Ares collateral, which therefore (as provided under the terms of Ares' Loan and Security Agreement) are to be paid first out of whatever net proceeds from such collateral (after the Trustee's retention of the Agreed Carve Outs as stated in paragraph 13 above) are distributed to Ares - before Ares then applies the remainder of such net proceeds of the collateral to reduce the obligations owed to Ares under its Loan and Security Agreement.

17.    Ares and Tree Line are reserving for later resolution any potential issues as to any allocation of Ares' funding to the Chapter 7 Estate under this Motion as between the preservation and disposition of (a) the Term Loan Priority Collateral and (b) the ABL Priority Collateral (as each such term is defined in the Intercreditor Agreement, as amended).

18.    Allowance of this Motion, on an emergency, ex parte basis is in the best interests of the Debtor, and its creditors, and the Chapter 7 estate.  Such allowance will, among other effects, enable the pursuit of a PACA Claims Procedure and the validation process to proceed and assist in the ultimate payment of allowed, valid PACA Trust claims, and facilitate the orderly collection of accounts receivable.

19.    Under the emergency circumstances of this case, and the exigencies of this case, and the contingent relationship of this Motion to the Trustee's Motion to Establish Sales Procedure for Food Product, no notice or further opportunity for hearing is feasible, possible, or practical.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

1.    Authorizing and allowing this Motion on an emergency basis.

2.    Authorizing and allowing, pursuant to 11 U.S.C. Sections 704 and 105, the consensual agreement with Ares regarding (i) secured creditor's funding of certain agreed Trustee's costs in administering the Chapter 7 Estate, (ii) collection of accounts receivable, (iii) pursuit of PACA Trust Claims Procedure, and (iv) Carve-out for benefit of unsecured creditors.

3.    For such other and further relief as the Court may deem appropriate.

This the 4th day of December, 2019.          *s/Gregory B. Crampton*
                                              Gregory B. CramptonState Bar #991
                                              Chapter 7 Trustee
                                              NICHOLLS & CRAMPTON, P.A.
                                              Post Office Box 18237
                                              Raleigh, North Carolina  27619
                                              Telephone:  (919) 781-1311

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing **EMERGENCY *EX PARTE* MOTION FOR APPROVAL OF CONSENSUAL AGREEMENT REGARDING (1) SECURED CREDITOR'S FUNDING OF CERTAIN AGREED TRUSTEE'S COSTS IN ADMINISTERING THE CHAPTER 7 ESTATE,  (2) COLLECTION OF ACCOUNTS RECEIVABLE, (3) PURSUIT OF PACA TRUST CLAIMS PROCEDURE, AND (4) CARVE-OUT FOR UNSECURED CREDITORS** was served this day by CM/ECF electronic e-mail service or by placing a copy thereof in a depository under the exclusive care and custody of the United States Postal Service in a postage prepaid envelope and properly addressed as follows:

Marjorie K. Lynch
Bankruptcy Administrator
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
*AND VIA EMAIL:*
*Marjorie_Lynch@nceba.uscourts.gov*
*Karen_Cook@nceba.uscourts.gov*
*Lesley_Cavenaugh@nceba.uscourts.gov*

*VIA CM/ECF E-MAIL SERVICE*:
Gerald A. Jeutter Jr.
Attorney for Debtor
Smith Anderson, LLP
PO Box 2611
Raleigh, NC 27602-2611
*AND VIA EMAIL: jjeutter@smithlaw.com*

Imperial Frozen Foods Op Co, LLC
3150 Rogers Road, Suite 212
Wake Forest, NC 27587-4196

*VIA CM/ECF E-MAIL SERVICE:*
Douglas R. Ghidina
Zachary H. Smith
Cole B. Richins
Attorneys for ACF FinCo I LP
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
*AND VIA EMAIL: dougghidina@mvalaw.com*

Tree Line Direct Lending LP
Attn: Managing Agent
101 California Street, Suite 1700
San Francisco, CA 94111

Matthew Warren
Attorney for Tree Line Direct Funding LP
353 N Clark Street, 12th Floor
Chicago, IL 60654-4704
*AND VIA EMAIL: mwarren@kslaw.com*

Financial Pacific Leasing, Inc.
Attn: Managing Agent
P.O. Box 4568
Federal Way, WA 98001

Advantage Capital Agribusiness Partners, L.P.
Attn: Managing Agent
190 Carondelet Plaza, Suite 1500
St. Louis, MO 63105

HYG Financial Services Inc.
Attn: Managing Agent
P.O. Box 35701
Billings, MT 59107

This the 4th day of December, 2019.

_s/Phyllis W. Hill_____
Phyllis W. Hill
Paralegal