### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:                                                    CHAPTER 7

**IMPERIAL FROZEN FOODS OP CO, LLC,**          **CASE NO. 19-05419-5-SWH**

      **Debtor.**

### EMERGENCY *EX PARTE* MOTION FOR ESTABLISHMENT OF PRIVATE SALE PROCEDURE FOR NON-FOOD PRODUCT OTHER ASSETS AND FOR APPROVAL OF PRIVATE SALES PURSUANT TO SUCH PROCEDURE

NOW COMES Gregory B. Crampton, Chapter 7 Trustee herein, ("Trustee") and moves the Court for the entry of an Order authorizing and allowing, pursuant to 11 U.S.C. Section 363, (a) an emergency private sale procedure ("Other Assets Sale Procedure") for all non-food product assets, tangible and intangible, wherever located, including machinery and equipment, general intangibles (including books and records and customer/supplier contact information, Sunkistsnacks website, domain names and social media pages), contract rights, intellectual property, trademark license agreements, and product brand names (collectively, the "Other Assets") owned by Debtor to be based on the mutual consents of (i) ACF FinCo I LP ("Ares""), holder of a perfected security interest in all assets owned by Debtor, and (ii) Tree Line Direct Lending, LP ("Tree Line"), holder of a perfected security interest in all assets owned by Debtor, with the transfer of any such Other Assets to be on an "as is, where is" basis, with no warranties or representations of any kind, free and clear of liens, if any, and (b) private sales of such Other Assets identified pursuant to the Other Assets Sale Procedure and consented to by Ares and by Tree Line.  In support of this Motion, the Trustee respectfully shows the Court as follows:

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the Bankruptcy Court for the Eastern District of North Carolina has jurisdiction over this matter pursuant to 28 U.S.C. § § 151, 157, and 1334.

2.      Imperial Frozen Foods Op Co, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 on November 22, 2019 ("Petition Date").  As of the date of this Motion, Debtor has not yet filed its Schedules or Statement of Affairs.

3.      Gregory B. Crampton was appointed Chapter 7 Trustee of the estate of Debtor on November 26, 2019 and is qualified and now acting as such Trustee.

4.      Among the assets in this proceeding are certain tangible personal property belonging to the estate, consisting of food product inventory (the "Food Product").  Such Food Product includes: (i) Finished Goods, (ii) Bulk food product, and (iii) Packaging.  By Order entered on December 9, 2019, the Court established a Sale Procedure for such Food Product (Dkt. 32).

5.      Besides Food Product, the assets of the Debtor consist of the Other Assets, comprising tangible and intangible, wherever located, including machinery and equipment, general intangibles (including books and records and customer/supplier contact information, Sunkistsnacks website, domain names and social media pages), contract rights, intellectual property, trademark license agreements, and product brand names.

6.      On information and belief, ACF FinCo I LP ("Ares") has a perfected security interest in all or substantially all assets of the Debtor, whether tangible or intangible, wherever located, including the Other Assets, and all products and proceeds of the foregoing, pursuant to a Loan and Security Agreement dated October 1, 2018, which security interest was perfected by a UCC Financing Statement filed on September 20, 2018 in the Delaware Secretary of State's Office, File No. 20186510040. (Debtor is a Delaware limited liability company.)  On information and belief, the outstanding debt balance owed to Ares as of November 19, 2019, approximated $8.9 million.

7.      On information and belief, Tree Line Direct Lending LP ("Tree Line") has a perfected security interest in all, or substantially all, assets of the Debtor, including the Other Assets, pursuant to a Credit Agreement dated as of October 1, 2018, which security interest was perfected by a UCC Financing Statement filed on October 2, 2018 in the Delaware Secretary of State's Office, File No. 20186810796.  On information and belief, the outstanding debt balance owed to Tree Line as of November 22, 2019, approximated $30,531,313.91million.

8.      On information and belief, Ares and Tree Line entered into an Intercreditor Agreement dated as of October 1, 2018 ("Intercreditor Agreement") setting forth their agreement as to certain of their respective rights and obligations with respect to the assets and properties of the Debtor and other obligors, including but not limited to the relative priority of their respective liens against such assets and properties.

9.      All of the assets of the Debtor, including its Other Assets, are significantly overencumbered by the outstanding balances owed to Ares and Tree Line, holders of perfected security interests in the Other Assets.

10.     The Trustee seeks Court approval of a Sale Procedure for the Other Assets, and for the automatic approval of subsequent sales of such Other Assets consistent with the following Sale Procedure without further notice, motion, or hearing:

   (a)      Trustee may receive offers to purchase Other Assets and shall submit the same to Ares and Tree Line (collectively, "Proposed Sales" and individually, "Proposed Sale"),

   (b)      If Ares and Tree Line both submit to the Trustee a written consent to a Proposed Sale, then such written consents shall constitute Court approval of the Proposed Sale (the "Approved Sale"), and the Trustee shall be authorized to complete and effectuate such sale;

2

(c)     Any costs necessary to complete and accomplish an Approved Sale, excluding payment of any Trustee commission or attorney for Trustee fees and expenses, and excluding any payment to Ares or Tree Line, but including any necessary payment of labor, warehouse storage charges, or utilities, for example, which costs are also agreed to by Ares and Tree Line, may be paid and deducted from the Approved Sale purchase price (the "net" sale proceeds after payment of such necessary costs of sale shall be referred to as "Net Sale Proceeds").

(d)     The Net Sale Proceeds shall be paid to the Trustee and held in escrow by the Trustee in his Trustee bank account set up for this Chapter 7 case pending subsequent orders of this Court.

11.     Allowance of this Motion on an emergency, ex parte basis is in the best interests of the Debtor, and its creditors, and the Chapter 7 estate.  Such allowance will facilitate a swift and orderly liquidation of the Other Assets, and enable the pursuit and consummation of the sales of  Food Product where such sale offers are linked and conditioned upon approval of the sale of Other Assets.

12.     Under the emergency circumstances of this case, no notice or further opportunity for hearing is feasible, possible, or practical.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

1.     Authorizing and allowing an emergency private sale procedure ("Other Assets Sale Procedure") for the Other Assets owned by Debtor to be based on the mutual consents of Ares and Tree Line, with the transfer of any such Other Assets to be on an "as is, where is" basis, with no warranties or representations of any kind, free and clear of liens, if any, and

2.     Authorizing and allowing the private sales of Other Assets identified pursuant to the Other Assets Sale Procedure and consented to by Ares and Tree Line.

3.     For such other and further relief as the Court may deem appropriate.

This the 18th day of December, 2019.

<div style="margin-left:50%">

s/Gregory B. Crampton
Gregory B. Crampton, State Bar #991
Chapter 7 Trustee
NICHOLLS & CRAMPTON, P.A.
Post Office Box 18237
Raleigh, North Carolina  27619
Telephone:  (919) 781-1311

</div>

3

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing **EMERGENCY *EX PARTE* MOTION FOR ESTABLISHMENT OF PRIVATE SALE PROCEDURE FOR NON-FOOD PRODUCT OTHER ASSETS AND FOR APPROVAL OF PRIVATE SALES PURSUANT TO SUCH PROCEDURE** was served this day by CM/ECF electronic e-mail service or by placing a copy thereof in a depository under the exclusive care and custody of the United States Postal Service in a postage prepaid envelope and properly addressed as follows:

Marjorie K. Lynch
Bankruptcy Administrator
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
*AND VIA EMAIL:*
*Marjorie_Lynch@nceba.uscourts.gov*
*Karen_Cook@nceba.uscourts.gov*
*Lesley_Cavenaugh@nceba.uscourts.gov*

*VIA CM/ECF E-MAIL SERVICE*:
Gerald A. Jeutter Jr.
Attorney for Debtor
Smith Anderson, LLP
PO Box 2611
Raleigh, NC 27602-2611
*AND VIA EMAIL: jjeutter@smithlaw.com*

Imperial Frozen Foods Op Co, LLC
3150 Rogers Road, Suite 212
Wake Forest, NC 27587-4196

*VIA CM/ECF E-MAIL SERVICE:*
Douglas R. Ghidina
Zachary H. Smith
Cole B. Richins
Attorneys for ACF FinCo I LP
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
*AND VIA EMAIL:*
*dougghidina@mvalaw.com*

*VIA CM/ECF E-MAIL SERVICE:*
Matthew Warren
Attorney for Tree Line Direct Funding LP
353 N Clark Street, 12th Floor
Chicago, IL 60654-4704
*AND VIA EMAIL: mwarren@kslaw.com*

HYG Financial Services Inc.
Attn: Managing Agent
P.O. Box 35701
Billings, MT 59107

Financial Pacific Leasing, Inc.
Attn: Managing Agent
P.O. Box 4568
Federal Way, WA 98001

Advantage Capital Agribusiness Partners, L.P.
Attn: Managing Agent
190 Carondelet Plaza, Suite 1500
St. Louis, MO 63105

This the 18th day of December, 2019.

*s/Phyllis W. Hill*
Phyllis W. Hill, Paralegal