

**SO ORDERED.**

**SIGNED this 31 day of December, 2019.**

*Stephani W. Humrickhouse*

**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:                                                    CHAPTER 7

**IMPERIAL FROZEN FOODS OP CO, LLC,**          **CASE NO. 19-05419-5-SWH**

     **Debtor.**

**ORDER ALLOWING EMERGENCY *EX PARTE* MOTION FOR ESTABLISHMENT OF PRIVATE SALE PROCEDURE FOR NON-FOOD PRODUCT OTHER ASSETS AND FOR APPROVAL OF PRIVATE SALES PURSUANT TO SUCH PROCEDURE**

THIS MATTER coming before the Court upon the *Emergency ex Parte Motion for Establishment of Private Sale Procedure for Non-food Product Other Assets and for Approval of Private Sales Pursuant to Such Procedure* (the "Motion") filed Gregory B. Crampton, as Chapter 7 Trustee in this case ("Trustee") seeking the entry of an Order pursuant to 11 U.S.C. Section 363, authorizing and allowing, pursuant to 11 U.S.C. Section 363, (a) an emergency private sale procedure for all non-food product assets, tangible and intangible, wherever located, to the extent owned by Imperial Frozen Foods Op Co, LLC ("Debtor"), to be based on the mutual consents of (i) ACF FinCo I LP ("Ares"), holder of a perfected security interest in all assets owned by Debtor, and (ii) Tree Line Direct Lending, LP ("Tree Line"), holder of a perfected security interest in all assets owned by Debtor, with the transfer of any such other assets to be on an "as is, where is" basis, with no warranties or representations of any kind, free and clear of liens, if any, and (b) private sales of such other assets identified pursuant to the Other Assets Sale Procedure established in this order and consented to by Ares and by Tree Line. Upon review of the record, and consideration of evidence presented, it appears to the Court, and the Court finds:

    1.    This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the Bankruptcy

Court for the Eastern District of North Carolina has jurisdiction over this matter pursuant to 28 U.S.C. § § 151, 157, and 1334.

2.      Imperial Frozen Foods Op Co, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 on November 22, 2019 ("Petition Date").  As of the date of this Motion, Debtor has not yet filed its Schedules or Statement of Affairs.

3.      Gregory B. Crampton was appointed Chapter 7 Trustee of the estate of Debtor on November 26, 2019 and is qualified and now acting as such Trustee.

4.      Among the assets in this proceeding are certain tangible personal property belonging to the estate, consisting of food product inventory (the "Food Product").  Such Food Product includes: (i) Finished Goods, (ii) Bulk food product, and (iii) Packaging.  By Order entered on December 9, 2019, the Court established a Sale Procedure for such Food Product (the "Food Product Order") (Dkt. 32).

5.      Besides Food Product, the assets of the Debtor consist of various other assets, tangible and intangible, wherever located, including but not limited to machinery and equipment, general intangibles (including books and records and customer/supplier contact information, Sunkistsnacks website, domain names and social media pages), contract rights, intellectual property, trademark license agreements, product brand names, membership interests and shares (collectively, the "Other Assets")..

6.       ACF FinCo I LP ("Ares") has a perfected security interest in all or substantially all assets of the Debtor, whether tangible or intangible, wherever located, including the Other Assets, and all products and proceeds of the foregoing, pursuant to a Loan and Security Agreement dated October 1, 2018, which security interest was perfected by filed UCC Financing Statements. The outstanding debt balance owed to Ares as of November 19, 2019, approximated $8.9 million.

7.      Tree Line Direct Lending LP ("Tree Line") has a perfected security interest in all, or substantially all, assets of the Debtor, including the Other Assets, pursuant to a Credit Agreement dated as of October 1, 2018, which security interest was perfected by filed UCC Financing Statements. The outstanding debt balance owed to Tree Line as of November 22, 2019, approximated $30,531,313.91million.

8.      Ares and Tree Line entered into an Intercreditor Agreement dated as of October 1, 2018 ("Intercreditor Agreement") setting forth their agreement as to certain of their respective rights and obligations with respect to the assets and properties of the Debtor and other obligors, including but not limited to the relative priority of their respective liens against such assets and properties.

9.      All of the assets of the Debtor, including its Other Assets, are significantly overencumbered by the outstanding balances owed to Ares and Tree Line, holders of perfected security interests in the Other Assets.

10.     The Trustee seeks Court approval of a Sale Procedure for the Other Assets, and for the automatic approval of subsequent sales of such Other Assets consistent with the sale procedure established in the Order without further notice, motion, or hearing.

11.     Allowance of this Motion on an emergency, ex parte basis is in the best interests of the Debtor, and its creditors, and the Chapter 7 estate. Such allowance will facilitate a swift and orderly liquidation of the Other Assets, and enable the pursuit and consummation of the sales of Food Product where such sale offers are linked and conditioned upon approval of the sale of Other Assets.

12.     Under the emergency circumstances of this case, no notice or further opportunity for hearing is feasible, possible, or practical.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Trustee's Motion is GRANTED.

**FURTHER ORDERED, ADJUDGED AND DECREED** that the Sale Procedure for the Other Assets, as set out below, be and hereby is allowed and approved:

(a)     Trustee may receive offers to purchase Other Assets and shall submit the same to Ares and Tree Line (collectively, "Proposed Sales" and individually, "Proposed Sale");

(b)     If Ares and Tree Line both submit to the Trustee written consents to a Proposed Sale, then such written consents shall constitute Court approval of the Proposed Sale (the "Approved Sale"), and the Trustee shall be authorized to complete and effectuate such sale;

(c)     Any costs necessary to complete and accomplish an Approved Sale, excluding payment of any Trustee commission or attorney for Trustee fees and expenses, and excluding any payment to Ares or Tree Line, but including any necessary payment of labor, warehouse storage charges, or utilities, for example, which costs are also agreed to by Ares and Tree Line, may be paid and deducted from the Approved Sale purchase price (the "net" sale proceeds after payment of such necessary costs of sale shall be referred to as "Net Sale Proceeds");

(d)     The Net Sale Proceeds shall be paid to the Trustee and held in escrow by the Trustee in his Trustee bank account set up for this Chapter 7 case pending subsequent orders of this Court;

(e)     Any and all claims, rights and interests, if any, of any third party(including but not limited to Ares, Tree Line, any PACA claimant or any warehouseman) shall be transferred from such sold Other Assets to the net sale proceeds escrowed with the Trustee, with the same validity, enforceability and priority, if any, as such claim, right or interest had against such Other Assets as of Petition Date.

(f)     To the extent that the Trustee receives and considers a purchase offer

that covers both Food Product inventory (as defined in the Food Product Order), any such offer must allocate the purchase price between Food Product inventory and Other Assets, which allocation must be acceptable to (I) the purchaser, (ii) the Trustee, and (iii) both Ares and Tree Line. (Collectively, the provisions of (a) through (f) shall be referred to as the "Other Assets Sale Procedure").

**FURTHER ORDERED, ADJUDGED AND DECREED** that the Trustee shall be allowed to sell Other Assets free and clear of liens and interests pursuant to the Other Assets Sale Procedure to be based upon, and subject to, the mutual written consents of Ares and Tree Line, with the transfer of any such Other Assets to be on an "as is, where is" basis, with no warranties or representations of any kind, free and clear of liens, if any.

**FURTHER ORDERED, ADJUDGED AND DECREED** Trustee shall be allowed to sell at private sales Other Assets identified pursuant to the Other Assets Sale Procedure and consented to by Ares and Tree Line.

END OF DOCUMENT