UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| IMPERIAL FROZEN FOODS OP CO, LLC, | CASE NO. 19-05419-5-SWH |
| Debtor. | |

### OBJECTION OF ACF FINCO I LP TO SUN MARK FOODS' MOTION TO ENLARGE TIME PERIOD FOR FILING ITS PACA CLAIM

NOW COMES ACF FinCo I LP ("Ares"), a creditor and party in interest in this Chapter 7 proceeding, and objects to the motion by Sun Mark Foods Ltd. ("Sun Mark") seeking a *nunc pro tunc* order enlarging the time period for it to file a PACA claim [Dkt. 166] (the "Sun Mark Enlargement Motion"). In support of this objection, Ares respectfully represents to the Court as follows:

1. Based upon a motion filed by the Chapter 7 Trustee, this Court entered on January 15, 2020, an order establishing a procedure for the filing of PACA claims [Dkt. 83] (the "PACA Procedures Order"). In that PACA Procedures Order the Court ordered that any party asserting a PACA claim must file such claim no later than February 14, 2020 (the "PACA Bar Date").

2. Despite receiving the PACA Procedures Order and notice of the PACA Bar Date, Sun Mark did not file any claim by the PACA Bar Date. Instead, Sun Mark (a) sent its completed PACA claim form to the Trustee on or about March 26, 2020 and (b) filed the completed PACA claim form with this Court on or about March 31, 2020, as an attachment to the Sun Mark Enlargement Motion.

3. Seeking to characterize the late filing as excusable neglect, Sun Mark cites Bankruptcy Rule 9006(b), which does contemplate in paragraph (1) the possibility that a Court, in its discretion, may enlarge a Court-ordered period upon a motion made after expiration of the period. But Rule 9006(b)(1) expressly provides that it is subject to paragraphs (2) and (3) of Rule 9006(b),

and paragraph (3) provides, among other things, that a court may enlarge the time for action under Bankruptcy Rule 3002(c), which governs the time for filing proofs of claim in Chapter 7 cases, only to the extent and under the conditions stated in such Bankruptcy Rule.

4. Bankruptcy Rule 3002(c) specifying the limited circumstances in which a proof of claim is timely filed in a Chapter 7 case. Paragraph (6) of Bankruptcy Rule 3002 does permit a court to extend the time period for filing proofs of claim in a Chapter 7 case, but only if the court finds that the notice of the time to file claims was insufficient under the circumstances to give the creditor reasonable time to file a proof of claim.

5. Sun Mark has not demonstrated that the excusable neglect standard is applicable to its request for *nunc pro tunc* enlargement of the time period for it to file its PACA claim in this Chapter 7 proceeding. Sun Mark has not asserted that the time period set by this Court in the PACA Procedures Order was insufficient under the circumstances to give Sun Mark reasonable time to file its PACA claim.

6. Ares respectfully submits that the allegations and assertions in the Sun Mark Enlargement Motion may not correctly set forth the applicable legal standard by which the Court would consider and evaluate the requested relief. Ares further submits that Sun Mark received due and adequate notice of the PACA Procedures Order and that, when entering such order, the Court correctly determined at such time that all potential PACA claimants would be provided a reasonable time period sufficient under the circumstances in which to file their PACA claims.

7. For these reasons, Ares objects to the Sun Mark Enlargement Motion and requests that it be denied.

WHEREFORE, Ares respectfully requests that the Court conduct a hearing on the Sun Mark Enlargement Motion, deny the requested relief and grant Ares and other parties in interest such other and further relief as the Court deems just, reasonable and proper.

This 14th day of April, 2020.

/s/ Douglas R. Ghidina
Douglas R. Ghidina, N.C. State Bar No. 14109
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina  28202-4003
Telephone:  (704) 331-1000
Telefax:  (704) 331-1159
dougghidina@mvalaw.com

ATTORNEYS FOR ACF FINCO I L.P.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| IMPERIAL FROZEN FOODS OP CO, LLC, | CASE NO. 19-05419-5-SWH |
| Debtor. | |

**CERTIFICATE OF SERVICE**

I, the undersigned of MOORE & VAN ALLEN, PLLC, hereby certify that I am, and at all times hereafter mentioned was, more than 18 years of age; that on this day I caused a copy of the foregoing **OBJECTION OF ACF FINCO I LP TO SUN MARK FOODS' MOTION TO ENLARGE TIME PERIOD FOR FILING ITS PACA CLAIM** to be served (a) via electronic notification pursuant to CM/ECF to those parties registered to receive notices for this case and (b) by first class United States mail, postage prepaid, addressed to the following:

[none served by mail]

I certify that the foregoing is true and correct.

This 14th day of April, 2020.

/s/ Douglas R. Ghidina