**SO ORDERED.**

**SIGNED this 3 day of May, 2023.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:                                                          CASE NO. 19-05419-5-DMW

**IMPERIAL FROZEN FOODS OP CO, LLC**
                                                                CHAPTER 7
        DEBTOR

## ORDER SUSTAINING OBJECTION AND DISALLOWING CLAIM

This matter comes before the court upon the Objection to Claim ("Objection to Second Amended Claim") filed by Gregory B. Crampton, Esq. ("Trustee") in his capacity as Chapter 7 trustee for Imperial Frozen Foods Op Co, LLC ("Debtor") on January 3, 2023 and the Response filed by the Internal Revenue Service ("IRS") on March 10, 2023. The court conducted a hearing on April 11, 2023 in Raleigh, North Carolina. The Trustee appeared on his own behalf, and Kyle L. Bishop, Esq. appeared on behalf of the IRS. After consideration of the evidence presented and arguments of counsel, the court makes the following findings of fact and conclusions of law:

Statement of the Case

The Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on November 22, 2019, and the court appointed the Trustee to administer the case pursuant to 11 U.S.C. § 704. Prior to the petition, the Debtor operated a business which manufactured and supplied frozen food products.

On January 21, 2020, the IRS filed a Proof of Claim ("Claim 15") for $442,000.00 and which asserts a priority under 11 U.S.C. § 507(a)(8) for taxes or penalties owed to a governmental unit. An attachment to Claim 15 indicates that the amount claimed was for estimated FICA and FICU taxes for the 2019 tax year. On October 28, 2022, the Trustee filed an Objection to Claim 15, asserting that all FICA and FICU taxes for 2019 were paid timely. On November 4, 2022, the IRS filed an amended Proof of Claim ("First Amended Claim 15") which amends Claim 15 to $0.00 and includes an attachment showing no FICA and FICU taxes due for 2019. On November 7, 2022, the Trustee withdrew his objection to Claim 15.

On November 18, 2022, the IRS filed another amended Proof of Claim ("Second Amended Claim 15") which amends the First Amended Claim 15 to $106,911.49 and again asserts a priority under § 507(a)(8). An attachment to the Second Amended Claim 15 states that the amount now being claimed is for an excise tax related to the 2018 tax year and assessed on March 28, 2022. In the Objection to Second Amended Claim, the Trustee states that upon his information and belief, the claimed excise tax relates to the Patient Protection and Affordable Care Act ("ACA"), and the Trustee contends that the Debtor complied with the ACA. In its Response, the IRS explains that the Second Amended Claim 15 is for an Employer Shared Responsibility Payment ("ESRP") imposed under 26 U.S.C. § 4980H(a) for failure to offer adequate health insurance to employees and was calculated based on information reported by the Debtor to the IRS.

Findings of Fact

Amy Ford testified on behalf of the Trustee. Ms. Ford was employed as Comptroller for the Debtor from January 2015 until Debtor's Chapter 7 petition on November 22, 2019. During this employment, she managed the Debtor's accounting operations. Ms. Ford currently serves as a consultant to the Trustee and maintains access to the Debtor's books and records. Based upon Ms. Ford's testimony, the court finds as follows:

1. During 2018, the Debtor employed more than 50 full-time employees;

2. During its benefits enrollment period for 2018, the Debtor provided all its employees with a "2018 Benefits Digest"[1] which summarizes the medical benefits programs that were available to all eligible employees, including a PPO health insurance plan with BlueCross BlueShield of North Carolina;

3. For the tax year 2018, the Debtor issued and filed a Form 1095-C: Employer Provided Health Insurance Offer and Coverage for each of its employees; and

4. The Forms 1095-C for the Debtor's employees Bethany Genay Goodman, Howard Gray, and Patricia Powell ("2018 Forms 1095-C")[2] each report an "Employee Required Contribution" for certain months during 2018.

The IRS offered into evidence a Declaration of Kathy Griffin ("Declaration") which includes as attachments copies of three Letters 226-J dated April 14, 2021, June 14, 2021, and October 11, 2021, respectively ("Letters 226-J"). Each of the Letters 226-J is addressed to the Debtor at attention of "Michael Kenefick Sole Mbr." The first letter is addressed to a location in Wake Forest, North Carolina, and the second and third letters are addressed to a separate location in Wake Forest, North Carolina.

---

[1] The 2018 Benefits Digest was admitted into evidence as Trustee's Exhibit 1.
[2] The 2018 Forms 1095-C were admitted into evidence as Trustee's Exhibit 3.

3

The Trustee objected to the court admitting the Declaration into evidence, because the attached Letters 226-J were not sent or provided to the Trustee, and the Trustee has no records or knowledge of Michael Kenefick ever being a member or otherwise involved in the management of the Debtor. At the time the Letters 226-J were purportedly mailed, the Trustee had no access to either of the reflected addresses. Each of the Letters 226-J is dated well over a year after the Debtor's bankruptcy petition and the IRS' filing of Claim 15. Claim 15 is evidence of the IRS' awareness of the Chapter 7 case and appointment of the Trustee. Counsel for the IRS proffered that the service of the Letters 226-J on the Trustee is irrelevant, because the Declaration was being offered only as evidence of how the IRS computed the claimed ESRP based off information contained in the 2018 Forms 1095-C.

The court agreed with the Trustee that the Declaration is insufficient under Rule 902(11) of the Federal Rules of Evidence to certify the Letters 226-J as records of a regularly conducted activity pursuant to Rule 803(6) of the Federal Rules of Evidence, and the court declined to admit the Declaration and accompanying Letters 226-J into evidence. The Declaration lacks a proper foundation for admission. Further, the patent and substantial errors in the proper notification to the Trustee render the purported evidence unreliable and without merit. The court makes a specific finding of fact that the Trustee did not receive or become aware of the Letters 226-J until copies were provided to him in preparation for the hearing on the Objection to Second Amended Claim. The IRS was unable to explain this lack of proper notice.

Conclusions of Law

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) which the court has the authority to hear and determine pursuant to 28 U.S.C. § 157(b)(1). The court has subject matter

jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference entered on August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

"A claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). A creditor's "proof of claim executed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). The United States Court of Appeals for the Fourth Circuit explains this "burden-shifting framework" as follows:

> The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. The burden then shifts to the debtor to object to the claim. The debtor must introduce evidence to rebut the claim's presumptive validity. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence.

*Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004) (internal citations omitted). The Trustee has the burden to rebut the validity of the Second Amended Claim 15, and to the extent he carries this burden, the IRS must prove the validity of the Second Amended Claim 15 against the Debtor.

The Second Amended Claim 15, as filed, describes the claimed amount as an "excise tax" with no specification provided, and the Trustee was prudent to object. It was only in its Response that the IRS disclosed that the Second Amended Claim 15 was for an ESRP assessed pursuant to § 4980H(a) of the Internal Revenue Code, which is titled "Large employers not offering health coverage" and provides as follows:

> If—
>
>   (1)   any applicable large employer[3] fails to offer to its full-time employees (and their dependents) the opportunity to enroll in minimum essential

---

[3] An "applicable large employer" employs an average of more than 50 full-time employees, and the parties do not dispute that the Debtor was an applicable large employer during all of the 2018 tax year.

5

> coverage under an eligible employer-sponsored plan (as defined in section 5000A(f)(2)) for any month, *and*
>
> (2) at least one full-time employee of the applicable large employer has been certified to the employer under section 1411 of the Patient Protection and Affordable Care Act as having enrolled for such month in a qualified health plan with respect to which an applicable premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee,
>
> then there is hereby imposed on the employer an assessable payment equal to the product of the applicable payment amount and the number of individuals employed by the employer as full-time employees during such month.

26 U.S.C. § 4980H(a) (emphasis added). The statute is written in the conjunctive, making the failure to offer qualifying health coverage a threshold to the imposition of an ESRP.[4]

The court is persuaded by Ms. Ford's testimony that the Debtor offered health insurance coverage to all its eligible employees for 2018. On cross examination, Ms. Ford was unable to verify that the coverage offered qualified under the ACA; however, the court finds that the information provided in the 2018 Benefits Digest about available coverage from a reputable insurer and the Debtor's compliance with other aspects of the ACA, such as filing a Form 1095-C for each of its employees, constitute compelling evidence that the Debtor offered its employees minimum essential coverage within the meaning of § 4980H(a)(1). The IRS could not rebut this credible testimony, nor was the IRS able to impeach Ms. Ford's testimony. The Trustee has rebutted sufficiently the prima facie validity of the Second Amended Claim 15, placing the burden on the IRS to prove the validity of its claim.

With the burden shifted, the IRS was unable to provide any evidence that the Debtor did not offer its full-time employees qualifying health insurance coverages as required by the ACA. Even if the IRS had made this showing, it failed to provide evidence that the claimed ESRP was

---

[4] Section 4980H(b) provides an alternative avenue for imposing an ESRP when the employer does offer minimum essential coverage but at least one employee is allowed a credit because the coverage did not provide a minimum value or was not affordable; however, the IRS' Response and the Letters 226-J offered for admission are clear that the IRS imposed the claimed ESRP set out in the Second Amended Claim 15 pursuant to § 4980H(a).

assessed properly and according to its own procedures. In its Response, the IRS states that the ESRP "is imposed when the IRS *certifies to the employer* that at least one of [the employer's] full-time employees has enrolled in a qualified health plan for which that employee is allowed a tax credit or cost sharing reduction." The Internal Revenue Service's Response to the Trustee's Objection to Claim, ECF No. 943, at *3 (emphasis added). Although the court denied admission of the Letters 226-J for the purpose of demonstrating how the IRS calculated the claimed ESRP using the 2018 Forms 1095-C, the Letters 226-J shed light on the certification process by providing that each letter—

> certifies, under Section 1411 of the Affordable 15 Care Act, that for at least one month in the [tax year 2018], one or more of your full-time employees was enrolled in a qualified health plan for which a [premium tax credit] was allowed. Based on this certification and information contained in our records, we *are proposing* that you owe an ESRP of $106,911.49 … You must tell us whether you agree or disagree with the proposed ESRP by the Response date on the first page of this letter … If you don't respond by the Response date on the first page of this letter, we will send you a Notice and Demand for the ESRP that we proposed and assessed.

(emphasis added). At the times the Letters 226-J were sent, the IRS was long-aware of the Debtor's Chapter 7 petition and of the Trustee's administration of the case. The woeful failure of the IRS to send the Letters 226-J to the Trustee deprived the Trustee of an opportunity to respond to the proposed ESRP; therefore, the court holds that the ESRP was not properly certified or assessed. The IRS has not met its burden of establishing the validity of the Second Amended Claim 15; now therefore,

It is ORDERED, ADJUDGED, and DECREED as follows:

1. The Trustee's Objection to Second Amended Claim be, and hereby is, sustained; and

2. The Second Amended Claim 15 be, and hereby is, disallowed in full.

END OF DOCUMENT